CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson** | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| **Santana Grill Partners, L.P**., a California Limited Partnership | |
| Defendants. | |

Plaintiff Scott Johnson complains of Santana Grill Partners, L.P., a California Limited Partnership; and alleges as follows:

**PARTIES:**

1.   Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2.   Defendant Santana Grill Partners, L.P. owned LB Steak located at or about 334 Santana Row, San Jose, California, in July 2020 and August 2020.

3.   Defendant Santana Grill Partners, L.P. owns LB Steak ("Restaurant")

1

Complaint

1    located at or about 334 Santana Row, San Jose, California, currently.

2    4.   Plaintiff does not know the true names of Defendants, their business

3    capacities, their ownership connection to the property and business, or their

4    relative responsibilities in causing the access violations herein complained of,

5    and alleges a joint venture and common enterprise by all such Defendants.

6    Plaintiff is informed and believes that each of the Defendants herein is

7    responsible in some capacity for the events herein alleged, or is a necessary

8    party for obtaining appropriate relief. Plaintiff will seek leave to amend when

9    the true names, capacities, connections, and responsibilities of the Defendants

10   are ascertained.

11

12   **JURISDICTION & VENUE:**

13   5.   The Court has subject matter jurisdiction over the action pursuant to 28

14   U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

15   Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

16   6.   Pursuant to supplemental jurisdiction, an attendant and related cause

17   of action, arising from the same nucleus of operative facts and arising out of

18   the same transactions, is also brought under California's Unruh Civil Rights

19   Act, which act expressly incorporates the Americans with Disabilities Act.

20   7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

21   founded on the fact that the real property which is the subject of this action is

22   located in this district and that Plaintiff's cause of action arose in this district.

23

24   **FACTUAL ALLEGATIONS:**

25   8.   Plaintiff went to the Restaurant in July 2020 with the intention to avail

26   himself of its goods or services motivated in part to determine if the

27   defendants comply with the disability access laws. Not only did Plaintiff

28   personally encounter the unlawful barriers in July 2020, but he wanted to

2

Complaint

1   return and patronize the business several times but was specifically deterred

2   due to his actual personal knowledge of the barriers gleaned from his

3   encounter with them.

4      9.  The Restaurant is a facility open to the public, a place of public

5   accommodation, and a business establishment.

6      10. Unfortunately, on the dates of the plaintiff's visits, the defendants failed

7   to provide wheelchair accessible dining surfaces in conformance with the ADA

8   Standards as it relates to wheelchair users like the plaintiff.

9      11. The Restaurant provides dining surfaces to its customers but fails to

10  provide any wheelchair accessible dining surfaces.

11     12. A problem that plaintiff encountered was the lack of sufficient knee or

12  toe clearance under the outside dining surfaces for wheelchair users.

13     13. Plaintiff believes that there are other features of the dining surfaces that

14  likely fail to comply with the ADA Standards and seeks to have fully compliant

15  dining surfaces for wheelchair users.

16     14. On information and belief, the defendants currently fail to provide

17  wheelchair accessible dining surfaces.

18     15. These barriers relate to and impact the plaintiff's disability. Plaintiff

19  personally encountered these barriers.

20     16. As a wheelchair user, the plaintiff benefits from and is entitled to use

21  wheelchair accessible facilities. By failing to provide accessible facilities, the

22  defendants denied the plaintiff full and equal access.

23     17. The failure to provide accessible facilities created difficulty and

24  discomfort for the Plaintiff.

25     18. The defendants have failed to maintain in working and useable

26  conditions those features required to provide ready access to persons with

27  disabilities.

28     19. The barriers identified above are easily removed without much

3

Complaint

1    difficulty or expense. They are the types of barriers identified by the

2    Department of Justice as presumably readily achievable to remove and, in fact,

3    these barriers are readily achievable to remove. Moreover, there are numerous

4    alternative accommodations that could be made to provide a greater level of

5    access if complete removal were not achievable.

6    20. Plaintiff will return to the Restaurant to avail himself of its goods or

7    services and to determine compliance with the disability access laws once it is

8    represented to him that the Restaurant and its facilities are accessible. Plaintiff

9    is currently deterred from doing so because of his knowledge of the existing

10   barriers and his uncertainty about the existence of yet other barriers on the

11   site. If the barriers are not removed, the plaintiff will face unlawful and

12   discriminatory barriers again.

13   21. Given the obvious and blatant nature of the barriers and violations

14   alleged herein, the plaintiff alleges, on information and belief, that there are

15   other violations and barriers on the site that relate to his disability. Plaintiff will

16   amend the complaint, to provide proper notice regarding the scope of this

17   lawsuit, once he conducts a site inspection. However, please be on notice that

18   the plaintiff seeks to have all barriers related to his disability remedied. See

19   *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

20   encounters one barrier at a site, he can sue to have all barriers that relate to his

21   disability removed regardless of whether he personally encountered them).

22

23   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

24   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

25   Defendants.) (42 U.S.C. section 12101, et seq.)

26   22. Plaintiff re-pleads and incorporates by reference, as if fully set forth

27   again herein, the allegations contained in all prior paragraphs of this

28   complaint.

4

Complaint

1    23. Under the ADA, it is an act of discrimination to fail to ensure that the

2    privileges, advantages, accommodations, facilities, goods and services of any

3    place of public accommodation is offered on a full and equal basis by anyone

4    who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

5    § 12182(a). Discrimination is defined, inter alia, as follows:

6         a.  A failure to make reasonable modifications in policies, practices,

7             or procedures, when such modifications are necessary to afford

8             goods, services, facilities, privileges, advantages, or

9             accommodations to individuals with disabilities, unless the

10            accommodation would work a fundamental alteration of those

11            services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

12        b.  A failure to remove architectural barriers where such removal is

13            readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

14            defined by reference to the ADA Standards.

15        c.  A failure to make alterations in such a manner that, to the

16            maximum extent feasible, the altered portions of the facility are

17            readily accessible to and usable by individuals with disabilities,

18            including individuals who use wheelchairs or to ensure that, to the

19            maximum extent feasible, the path of travel to the altered area and

20            the bathrooms, telephones, and drinking fountains serving the

21            altered area, are readily accessible to and usable by individuals

22            with disabilities. 42 U.S.C. § 12183(a)(2).

23    24. When a business provides facilities such as dining surfaces, it must

24    provide accessible dining surfaces.

25    25. Here, accessible dining surfaces have not been provided in

26    conformance with the ADA Standards.

27    26. The Safe Harbor provisions of the 2010 Standards are not applicable

28    here because the conditions challenged in this lawsuit do not comply with the

Complaint

1   1991 Standards.

2   27. A public accommodation must maintain in operable working condition

3   those features of its facilities and equipment that are required to be readily

4   accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

5   28. Here, the failure to ensure that the accessible facilities were available

6   and ready to be used by the plaintiff is a violation of the law.

7

8   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

9   **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

10  Code § 51-53.)

11  29. Plaintiff repleads and incorporates by reference, as if fully set forth

12  again herein, the allegations contained in all prior paragraphs of this

13  complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

14  that persons with disabilities are entitled to full and equal accommodations,

15  advantages, facilities, privileges, or services in all business establishment of

16  every kind whatsoever within the jurisdiction of the State of California.  Cal.

17  Civ. Code §51(b).

18  30. The Unruh Act provides that a violation of the ADA is a violation of the

19  Unruh Act.  Cal. Civ. Code, § 51(f).

20  31. Defendants' acts and omissions, as herein alleged, have violated the

21  Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

22  rights to full and equal use of the accommodations, advantages, facilities,

23  privileges, or services offered.

24  32. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

25  discomfort or embarrassment for the plaintiff, the defendants are also each

26  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

27  (c).)

28  33. Although the plaintiff encountered frustration and difficulty by facing

Complaint

1    discriminatory barriers, even manifesting itself with minor and fleeting
2    physical symptoms, the plaintiff does not value this very modest physical
3    personal injury greater than the amount of the statutory damages.

5    **PRAYER**:

6    Wherefore, Plaintiff prays that this Court award damages and provide
7    relief as follows:

8    1. For injunctive relief, compelling Defendants to comply with the
9    Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the
10   plaintiff is not invoking section 55 of the California Civil Code and is not
11   seeking injunctive relief under the Disabled Persons Act at all.

12   2. For equitable nominal damages for violation of the ADA. See
13   *Uzuegbunam v. Preczewski*, --- U.S. ---, 2021 WL 850106 (U.S. Mar. 8, 2021)
14   and any other equitable relief the Court sees fit to grant.

15   3. Damages under the Unruh Civil Rights Act, which provides for actual
16   damages and a statutory minimum of $4,000 for each offense.

17   4. Reasonable attorney fees, litigation expenses and costs of suit, pursuant
18   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: April 25, 2021          CENTER FOR DISABILITY ACCESS

                               By: _____

                                   Amanda Seabock, Esq.
                                   Attorney for plaintiff

7

Complaint